IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO R. PRESLEY,

Petitioner,

v.                                    CASE NO. 04-3454-SAC

ROGER WERHOLTZ, et al.,

Respondents.

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by a Kansas prisoner confined in a Florida prison. The court's initial review revealed a statute of limitations issue. Petitioner has been given the opportunity to provide information on this issue. Counsel for petitioner responded to the court's last order to expand the record by filing "Petitioner's Response to Request for Supplementation" (Doc. 5). Having considered all the materials filed in this habeas action, the court finds as follows.

As petitioner was informed in the court's prior order, under 28 U.S.C. 2244(d)(1) a state prisoner has a one-year period from the date his conviction became "final" in which to file a 2254 petition. Petitioner does not dispute that his state conviction became "final" on or around December 26, 2001. This is the date his Petition for Review was denied by the Kansas Supreme Court (September 27, 2001), plus 90 days time in which Presley could have filed a Petition for Certiorari in the United States

1

Supreme Court).  It follows that the statute of limitations for filing his 2254 petition began running on or around December 26, 2001.

The one-year limitation period can be statutorily tolled due to ongoing post-conviction litigation in state court.  Under 28 U.S.C. 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Presley's allegations as supplemented indicate that he filed a petition for post-conviction relief under K.S.A. 60-1507 in the District Court of Sedgwick County, Kansas (Case. No. 02C1621) on May 9, 2002.  Approximately 4 months and 13 days of the limitations period had expired before the filing of this state action tolled its running.

The state petition was denied by the Sedgwick County court on October 15, 2002.  Presley appealed the denial to the Kansas Court of Appeals which affirmed on October 31, 2003.  He then had 30 days to seek review in the Kansas Supreme Court.  The limitations period was tolled during this grace period even though a timely appeal was not filed.  Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000).  On or about November 30, 2003, the time to appeal expired, and the statute of limitations resumed running[1].  Id.; see Barnett v. LeMaster, 167 F.3d 1321,

---

[1]    In Gibson, the Tenth Circuit held that a state appellate court's decision to grant a petitioner leave to appeal out of time does not toll the limitations period from the expiration of the time to appeal to the filing

1323 (10th Cir. 1999); <u>Rhine v. Boone</u>, 182 F.3d 1153, 1156 (10th Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 1084 (2000). On December 2, 2003, Presley filed a Motion to File Petition for Review Out of Time in the Kansas Supreme Court. The motion was denied on December 9, 2003, so at most its tolling effect[2] amounted to 8 days.

The court determines from petitioner's exhibits and allegations, that the statute of limitations in this case was tolled while Presley's state post-conviction action was pending from May 9, 2002, until at the latest, December 9, 2003. Then, the statute of limitations, with less than 8 months remaining, commenced running again on or about December 10, 2003, and ran unabated until it expired. Presley's 2254 petition was verified on November 22, 2004, over three months past the deadline. The court concludes, and petitioner admits, that this Petition was not filed within the one-year statute of limitations applicable to 2254 actions.

The one-year period of limitations "may be subject to equitable tolling." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.), <u>cert</u>. <u>denied</u>, 525 U.S. 891 (1998). However, this tolling is only warranted when an inmate diligently pursues his claims

---

of the motion for leave to file a late appeal. <u>Gibson</u>, 232 F.3d at 804.

[2] The Tenth Circuit has published dicta which suggests that the additional time Presley spent trying to file a late appeal of the denial of his 1507 application cannot be counted because the appeal was untimely. <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1227 FN4 (10th Cir. 1998). However, even if it is counted, the additional 8 days would not save this 2254 petition from being time-barred.

and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. <u>See</u> <u>id.</u>; <u>see also</u> <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 840 (2000); <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000); <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998), <u>cert</u>. <u>denied</u>, 526 U.S. 1074 (1999); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). Even if the court accepts petitioner's statement that he pursued his claims diligently, he has failed to show that extraordinary circumstances beyond his control caused his failure to comply with the statute of limitations.

Counsel for petitioner states that "all fault with the failure to file the matter" within the limitations period "was due to counsel's ignorance and misunderstanding of the tolling requirements" and mistaken belief that "the time for filing was one year from the last action of the state appellate courts" in the state habeas action. Counsel alleges he had never filed a 2254 petition so he consulted two other attorneys and received assistance in preparing the petition, but misunderstood advice regarding the statute of limitations, and that he proceeded on his own misunderstanding without sufficient research or guidance. Counsel also alleges he informed Presley and his family that the federal petition had to be filed by December 9, 2004, and that he "would take care of the matter." Counsel alleges in addition that communication with his client has been

difficult because of Presley's confinement and transfer within Florida, limited education, and difficulty communicating in writing. Finally, counsel asserts that Presley diligently pursued his claims, but was prevented from taking any independent action by counsel's representations. He asks this court to find that counsel's lack of knowledge and misunderstanding qualifies as "an extraordinary circumstance" and that the running of the limitations period should be equitably tolled to the end that this Petition be treated as timely filed. Counsel argues he has found no published opinion of the Tenth Circuit Court of Appeals "clarifying the impact" of his failure to understand the law and whether it would trigger equitable tolling.

The court appreciates counsel's candor and acknowledges the harshness of dismissing a habeas petition under such circumstances. However, contrary to counsel's argument regarding precedent, the federal courts has clearly held that mistakes of counsel regarding the limitations period, like those of inmates proceeding pro se, do not warrant equitable tolling. The Tenth Circuit has specifically rejected the argument that delay in filing a 2254 petition is justifiable when attributable to the petitioner's reliance upon his attorney's good faith error. See e.g. Ellis v. Martin, 202 F.3d 281 (10th Cir. 1999, unpublished). The Circuit Court reasoned that, to the extent this may be construed as a claim of ineffective assistance of counsel, it fails because there is no right to counsel in

collateral proceedings. <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987); <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1267 FN4 (10th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 833 (2000). Further, they have stated that neither a petitioner's misunderstanding nor his attorney's mistake excuses the delay. <u>See</u> <u>Miller</u>, 141 F.3d at 987 (petitioner's lack of awareness of limitation period insufficient basis for equitable tolling); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1194 (2001)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"), *citing* <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164 (2000); <u>see also</u> <u>Taliani v. Chrans</u>, 189 F.3d 597 (7th Cir. 1999)(lawyer's mistake in calculating habeas limitations period not a valid basis for equitable tolling); <u>Steed</u>, 219 at 1300(attorney miscalculation of AEDPA time period did not justify equitable tolling). That petitioner "chose to rely upon assistance" from an attorney "does not relieve (him) from the personal responsibility of complying with the law." <u>Marsh</u>, 223 F.3d at 1220. It follows that counsel's alleged ignorance of the one-year time limitation and petitioner's reliance upon his counsel's assistance do not amount to extraordinary circumstances warranting invocation of equitable tolling principles. The court concludes petitioner has failed to meet his burden of demonstrating that the failure to file a timely federal petition in this case resulted from extraordinary

circumstances beyond his control rather than mere negligence.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed as untimely and all relief is denied.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2005, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

`